IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| VENUSS HILLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   CV 99-J-2186-J |
| | ) | |
| JAMES BRYAN RICHARDSON and | ) | |
| ALLSTATE INSURANCE COMPANIES, | ) | |
| | ) | |
| Defendants. | ) | |

**FILED** 99 NOV -2 PM 12:49 U.S. DISTRICT COURT N.D. OF ALABAMA

**ENTERED**
NOV 2 1999

## MEMORANDUM OPINION

This cause comes to be heard on Defendant Allstate's motion to sever and proceed separately (doc. 2) (hereinafter "motion to sever") and Plaintiff's motion to remand (doc. 5). Defendant Richardson has joined, adopted, and incorporated all arguments and submissions made by Defendant Allstate (doc. 11).

The Court has considered said motions, the memoranda filed in support of said motions, Defendant Richardson's response in opposition to remand (doc. 12) and oral arguments made in open court. Based upon a consideration of all of the foregoing, the Court is of the opinion Defendant Allstate's motion to sever and proceed separately should be **DENIED** and Plaintiff's motion to remand should be **GRANTED**.

### Procedural History

In October 1997, Plaintiff filed a one count complaint against Defendant

1

Richardson in Walker County Circuit Court alleging that Richardson negligently and/or wantonly caused or allowed an automobile to collide with a motor vehicle operated by Plaintiff. Complaint at ¶ 5. Both Richardson and Plaintiff were insured by Allstate. Amended Complaint at ¶ 1. At the time of the accident, Richardson was a resident of the State of Alabama. Depo. of James Richardson at 10; Supplemental Brief in Support of Motion to Remand, Exh. A. However, Richardson moved to, and was a resident of, the State of Florida at the time the action against him was commenced. Supp. Brief in Support of Motion to Remand at 2.

Richardson was deposed by Plaintiff's counsel regarding this lawsuit on December 23, 1998. Plaintiff's Memorandum of Law in Support of Motion to Remand at 1. At that time, Richardson testified under oath that he was a resident of the State of Florida at the time the lawsuit was filed. Depo. of Richardson at 7-9; 11-12. Counsel for Richardson was present at the deposition. Depo. of Richardson at 5.

On July 22, 1999, Plaintiff filed an Amendment to Complaint naming Allstate Insurance as a co-defendant. Amended Complaint at ¶ 1. Defendant Allstate removed the action from Walker County to this Court on August 20, 1999. In support of removal, Allstate claims removal is proper due to alleged misjoinder of Defendant Allstate and Richardson. Defendant's Notice of Removal at 5 (citing *Tapscott v. MS Dealer Serv. Corp.*, 77. F.3d 1353, 1361 (11th Cir. 1996)). Accordingly, Allstate moved this Court to sever the claims against Allstate and Richardson and invoke jurisdiction over the matter

2

relating to the claims against Allstate pursuant to § 28 U.S.C. 1332.[1]

In her objection to the removal and motion to sever, Plaintiff contends the claims against Richardson and Allstate arise out of the same transaction or occurrence. Therefore, the joinder of the two claims is proper under Rule 20 of the Federal Rules of Civil Procedure. Plaintiff further maintains that Defendant Allstate's removal is untimely and consequently barred by 28 U.S.C. § 1446(b) as more than one year had passed since the commencement of the action when Defendant Allstate filed its notice of removal. Plaintiff's Memorandum of Law in Support of Motion to Remand at 2.

## Legal Analysis

The concept of the limited jurisdiction of the federal judiciary is deeply embedded in American jurisprudence. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109, 61 S.Ct. 868, 872 (1941). The privilege of removal, conferred under 28 U.S.C. § 1446, is a narrow one. In order to remove a case to federal court, the party asserting jurisdiction under 28 U.S.C. § 1446 must first overcome the strict and narrow construction of this privilege and the presumption against removal. *See Diaz v. Sheppard,* 85 F. 3d 1502, 1505 (11th Cir. 1996) *citing Shamrock Oil,* 313 U.S. at 107-09, 61 S.Ct. at 872. The Defendants in the case at bar have failed to meet this burden.

The language of 28 U.S.C. § 1446(b) is clear. In order for removal to be proper,

---

[1] This Court denied Defendant Allstate's motion to sever at oral arguments held before this Court on October 27, 1999.

"the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading . . . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b). In any case, the action is not removable on the basis of jurisdiction conferred by 28 U.S.C. § 1332 more than one year after commencement of the action. *See Id.*

In the case at bar, the complaint alleges both Plaintiff and Richardson were residents of the State of Alabama. Complaint ¶ 1, 2. Richardson neither admitted nor denied his residency. *See* Answer of Defendant Richardson. However, counsel for Richardson was on notice that jurisdiction under 28 U.S.C. § 1332 was appropriate at the time Richardson was deposed.[2] In his deposition, Richardson testified he was a resident of the State of Florida at the time the action was commenced. Depo. of Richardson at 7-9, 11-12. Plaintiff was a citizen of the State of Alabama. Complaint at ¶ 1. Therefore, complete diversity of citizenship existed and jurisdiction under 28 U.S.C. § 1332 was appropriate. *See Strawbridge v. Curtiss,* 7 U.S. 267, 2 L.Ed. 435 (1806).

Richardson had thirty days from the receipt of the complaint to remove the case to

---

[2] For purposes of this opinion, the Court has generously construed the date on which counsel for Richardson became aware their client was a citizen of a foreign state as the date on which he was deposed.

4

federal court.³ *See* 28 U.S.C. § 1446; *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S.Ct. 1322 (1999). At oral argument, counsel for Richardson stated they became aware of Richardson's citizenship at his deposition. The Court is reluctant to assume that Richardson did not know in which state he was a resident. However, assuming it was not clear diversity existed until the deposition, Richardson had thirty days after he was deposed to remove the case. *See* 28 U.S.C. § 1446(b). Despite the fact removal was blatantly appropriate as of December 23, 1998, Richardson still did not remove the case.⁴ Therefore, Richardson lost the privilege conferred to him pursuant to 28 U.S.C. § 1446 to remove the case and Plaintiff's motion to remand is due to be **GRANTED** as to Defendant Richardson.

The Court next discusses the removal by Defendant Allstate. Allstate filed notice of removal within thirty days after service of the amended complaint but more than one year after the action was commenced. Allstate maintains their filing was timely under 28 U.S.C. § 1446(b) as it was done within thirty days of their being joined to the action. However, the one year limitation as set out in § 1446(b) is an absolute bar to this Court's exercise of jurisdiction in this case.

---

[3] Defendant Richardson filed only a Motion of Joinder in Allstate's Notice of Removal on October 21, 1999 (doc. 11).

[4] Regardless, because the action was already more than one year old, even if Richardson had removed the case immediately after the deposition, the removal would be barred as untimely. *See* 28 U.S.C. § 1446(b).

The language of 28 U.S.C. § 1446(b) is clear and to be narrowly construed. *See Diaz v. Shepard,* 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied,* 117 S.Ct. 1349 (1997). The final sentence of the statute unequivocally bars removal of any case commenced for more than one year. This one-year provision applies only in cases where, on the face of the initial pleading, the case was not removable. *See Greer v. Skilcraft,* 704 F. Supp. 1570, 1581 (N.D. Ala. 1989). Once a case becomes removable, the moving party must overcome two separate and independent time limits: (1) the Notice of Removal must be filed within 30 days from the receipt of a jurisdiction-creating document in the case; *and* (2), if removal is based on diversity of citizenship, the Notice of Removal *must also be* filed within one year from the commencement of the action. *Id.* at 1582 (emphasis added). The 11th Circuit has determined that this provision, based on the plain meaning of the statute, operates as an absolute bar to removal after one year. *Burns v. Windsor,* 31 F. 3d 1092, 1097, n. 12 (11th Cir. 1994).

In support of this interpretation, the legislative history behind the enactment of 28 U.S.C. § 1446(b) indicates Congress knew and appreciated the effect such a provision would have on federal jurisdiction. Indeed, the *Burns* court specifically stated Congress had "recognized and accepted that in some circumstances, plaintiff can and will intentionally avoid federal jurisdiction." *Burns,* 31 F. 3d at 1097, n. 12. Regardless, in the interest of comity and judicial economy, the bar exists and is to be strictly enforced. The effects of such legislation, while in certain cases dramatic, does not leave the courts

free to disregard the mandate. *See Smith v. MBL Life Assurance Corp.,* 727 F.Supp. 601 (N.D. Ala. 1989). That all issues and/or consequences of the provision have not been explored is a matter of concern to Congress, not the courts.

As the Notice of Removal filed on behalf of Defendant Allstate was filed more than one year after commencement of the action, the removal is untimely and this Court is without jurisdiction. Accordingly, Plaintiff's motion to remand as to Defendant Allstate is due to be **GRANTED**.

It is therefore **ORDERED** that Plaintiff's motion to remand is due to be and hereby is **GRANTED** and Defendant Allstate's, to which Defendant Richardson joins, motion to sever and proceed separately is due to be and hereby is **DENIED WITHOUT PREJUDICE** to Defendant Allstate's right to refile its motion to sever in state court.

**DONE** and **ORDERED** this the ___2___ day of November, 1999.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE